CAMERON JEFFERSON, Plaintiff
11509 Brigit Court
Bowie, MD 20720



IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MARYLAND

| | |
|---|---|
| CAMERON JEFFERSON, an single man; | CASE NO: **PWG 15CV2031** |
| Plaintiff; | VERIFIED COMPLAINT FOR DAMAGES |
| vs. | |
| SELECT PORTFOLIO SERVICING INC; A Utah corporation; | |
| Defendant(s) | |

**COMES NOW**, the Plaintiff "**CAMERON JEFFERSON**" (hereinafter "Plaintiff") to bring his Verified Complaint as follows. This action is brought by Plaintiff for violations of the Fair Debt Collection Practices Act, 15 USC §1692 *et, al*, Maryland Consumer Protection Act §13-301 respectively.

## THE PARTIES

The Plaintiff "**CAMERON JEFFERSON**" is now and at all times relevant to this action, a resident of Maryland. Plaintiff is a consumer as that term is defined by §1692a (3) and Maryland Consumer Protection Act §13-101(2)(c)(1).

The Defendant "**SELECT PORTFOLIO SERVICING INC**" (hereinafter "SPS") is a "debt collector" as defined in 15 USC§1692a (6), attempting to collect a "debt" pursuant to §1692a (5), and a "person, merchant" as defined in Maryland Consumer Protection Act §13-101(g). Defendant also alleges to be a mortgage servicer defined in §13-316. Defendant has a principal place of business at 3815 South West Temple, Salt Lake City, UT 84115.

## JURISDICTION AND VENUE

This US District Court has jurisdiction pursuant to §1692k. The court has concurrent jurisdiction over Plaintiff's tort state claims. Venue is proper as the defendant violations occurred in this state. This court also has subject matter jurisdiction pursuant to 28 USC§1332, as the named Plaintiff and the named Defendants are of diverse citizenship.

Venue is proper in this court pursuant to 28 USC§1391(a) because Defendants conduct business in New York. Defendants have registered agents within this judicial district, within the meaning of 28 USC §1391 (a) as defined in§ 1391 (c).

## FACTUAL HISTORY

Defendant "SPS" over nearly the last year has been dunning Plaintiff regarding an alleged debt it claims is owed them and or an entity named Wells Fargo Bank National Association as Trustee for Structured Mortgage Assets Investments II Inc, Bear Sterns Mortgage Funding Trust 2006-AR4, Mortgage Pass through Certificates, Series 2006-AR4. ("Noteholder"). Plaintiff has no personal knowledge of any debt owed to either Defendant "SPS", neither the lengthy named entity above. Upon research and due diligence, Plaintiff was unable to locate such an entity formed and incorporated in any of the continental 50 United States.

On April 10, 2015 the Plaintiff received dunning letter(s) from defendant "SPS" regarding some alleged debt they claim is due and owing and threatening to actions to seize Plaintiff's subject property. (see, "Exhibit A") Plaintiff has no debt obligation with the defendant, neither any of the parties to which the "SPS" alleges some debt is owed. Plaintiff has no Mortgage, Deed or Promissory Note owing to any party, specifically the defendant "SPS".

Upon examination of the documentation defendant has proffered it also appears even if some alleged debt were due the Statute of Limitations according to Maryland law is three (3) years. Defendants confusing documentation appears to alleged a debt was incurred in October 26, 2006 which is nine (9) years ago. Therefore the alleged debt even if legitimate would be far past the Statute of Limitation by which the Plaintiff could be sued. Furthermore, the Plaintiff does not recall making any payments on the alleged debt. Defendant "SPS" amongst other claims alleges it acquired the alleged debt while in default which deems the defendant a debt collector according to the FDCPA and Maryland Consumer Protection Act.

Plaintiff recently discovered a document styled "Corporate Assignment of Mortgage" recorded in the land records of Prince George County and against his property. (see, "Exhibit B") The so called assignment proffered by "SPS" as a legal document of sorts allege an alleged debt was assigned by a unknown entity named Mortgage Electronic Registration Systems (MERS). The document is dated March 24, 2015 and bears the name of the defendant "SPS" who coincidently shares the same address as the alleged creditor Wells Fargo as Trustee............The document appears to assert that a debt of some sort was only now transferred defendant although multiple dunning notices claim some trust entity acquired the debt October 26, 2006 some nine years earlier. Notwithstanding the assignment proves decisively defendant alleges it acquired the unknown debt while in default earning them their "debt collector status". §1692a(4). Plaintiff asserts this document demonstrates a likely violation the FDCPA, specifically §1692j, §1692e, and §1692f amongst others.

Accordingly, these commonly used documents styled assignments contain deceptive language that collides with defendants dunning notices as far as amounts claimed to be due and owing, dates of alleged defaults, character amount of the alleged debt, and the true names of the entities making the claims. Plaintiff is confused and has become extremely stressed attempting to make sense of the many conflicting terms, phrases, rhetoric spelled out in numerous documents received by defendant "SPS". As a consumer a debt collector is required to communicate in a plain and ordinary language that could be understood by the least sophisticated consumer such as Plaintiff. Instead the Plaintiff is met with communications that mask the true intention and identity of defendant "SPS" and the alleged entities they purport either is owed a debt, or has an unrelated interest in Plaintiff's real property. Consequently, upon personal firsthand knowledge of the Plaintiff, there could not be any debt owed to defendant, or any other party named if the documentary evidence on display is to be believed.

The Plaintiff is entitled to discovery and trial to ascertain whether a debt actually exists and owed to defendant "SPS or any other party, as Plaintiff desires to settle any legitimate claims he rightfully owes.

However each of the dunning letters received by "SPS" fails to contain the required language identifying itself as a "debt collector" in compliance to the FDCPA, allowing for Plaintiff to dispute the validity of their claims. Instead the dunning letters makes significant threats, demands, claims that are unfounded, not validated, verified, and lacks authenticity. Plaintiff has not been afforded the opportunity to dispute those claims. Instead defendant "SPS" acting as "creditor" has intruded, trespassed and harassed Plaintiff without consent.

Accordingly, the Plaintiff has endured significant harm, stress, worry, anxiety, embarrassment, emotional distress as a result of the unknown defendant debt collector. Plaintiff claims of damages, and harm, are a direct result of defendant "SPS's actions demonstrated in the Complaint. Plaintiff claims the defendant has trespassed upon his person without providing the proper information, justification to substantiate its claims.

The FDCPA requires a debt collector to provide certain disclosures as to its capacity. Failure to provide information to a consumer regarding its purpose of contacting a consumer may be a violation of the FDCPA and a Deceptive Act under the Maryland Consumer Protection Act. Specifically the FDCPA prohibits a debt collector to advertise for sale of any debt to coerce payment. §1692d (4). It also prohibits advancing any threats to take an action it could not take legally. §1692e (5)(6). Additionally providing false representation of the character amount, legal status of any debt may be a violation. §1692e (2)(a)(9)(10).

Under the Maryland Consumer Deceptive Practices Act ("MCPA") defendant may be deemed a servicer §13-316 and a "merchant" §13-301(3). Defendant is attempting to collect a debt considered consumer goods defined in §13-101(2)(d). §13-303(4) The "MCPA" prohibits unfair and deceptive acts in violation of §13-301. The act prohibits certain deceptive acts demonstrated in the Complaint. Plaintiff has therefore filed this action in compliance with §13-408 which allows damages pursuant to §13-410(a)(b).

The above named facts by Plaintiff can be proven by certain documents displayed in "Exhibit A". Plaintiff has provided all necessary "facts" to support his claims and has sworn to those facts under oath. Plaintiff is entitled to Trial and Discovery to investigate further the extent of defendant Select Portfolio Servicing ("SPS") deceptive acts.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, FDCPA
### ("SPS")

Paragraphs are re-alleged as though fully set out herein.

All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

As previously pled the Plaintiff is a "consumer" defined in §1692a (3) the FDCPA, defendant is "debt collector" defined in §1692a (6) and attempting to collect a debt as defined in §1692a (5). Defendant is not a creditor defined is §1692a (4).

Defendant served upon Plaintiff several dunning notices demanding payments and other performances of Plaintiff. "SPS" communications were in violation of the FDCPA. Specifically, "SPS" notices were deceptive forms in that they were proffered to Plaintiff with the desired affect to cause Plaintiff to believe they were defendant was a creditor and or acting in and for a creditor. §1692(j)

Defendant also may have violated §1692(f) attempting to collect an alleged debt and amounts not due them. §1692(1) Defendant also threatened to seize Plaintiff's real property through an action only appropriate for certain creditors to which defendant is not. §1692(f)(6)(A)(B)(6).

Consequently, a debt collector is prohibited from deceiving any consumer while attempting to collect any alleged debt whether legitimate or not. Therefore it matters not if a debt collector is collecting a valid debt or not as the debt collectors behavior and conduct may cause violations of the FDCPA. Defendant "SPS" dunning notices alleges Plaintiff is indebted to an entity named Wells Fargo Bank National Association as Trustee for Structured Mortgage Assets Investments II Inc, Bear Sterns Mortgage Funding Trust 2006-

AR4, Mortgage Pass through Certificates, Series 2006-AR4. Attempting to collect an amount not due and owing is also a violation of the FDCPA.

Plaintiff has never engaged in any transaction, service, or contracted with this entity for products and or merchandise. Plaintiff could find no such entity by this name filed recorded and or formed as a legal entity in any of the 50 United States. Plaintiff has been provided no proof and or evidence of any debt owed to defendant "SPS" or this unknown entity.

Regardless of its existence at best its capacity could not exceed that of defendant "SPS" who is a debt collector. Such deceptive information may be a violation of §1692e (2)(4)(5)(6). Defendant is unable to harass a consumer Plaintiff according to §1692d (4). The FDCPA also prohibits collection of a debt past the Statute of Limitations. Plaintiff upon information and belief has no obligation of any debt to defendant, if by chance some alleged debt be valid, the amounts, character, and or status of any alleged debt would be overstated.

Due to the acts of defendant "SPS" and complained of within the four corners of this suit. Defendant is liable to Plaintiff and which entitles him to actual, punitive, and consequential damages, plus all costs and fees as afforded in §1692k.

## SECOND CAUSE OF ACTION
## VIOLATION OF MARYLAND CONSUMER PROTECTION ACT TITLE 13, SECTION §13-301 et, al (SPS)

Paragraphs are re-alleged as though fully set out herein.

All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

Plaintiff is a "consumer" defined in the "MCPA" §13-101(2)(c)(1), Defendant "SPS" is a "person and merchant" as defined in §13-101(2)(f) attempting to collect a consumer debt pursuant to §13-301(2)(c)(d). A private right of action exists for Plaintiff to bring this action pursuant to §13-408.

Defendant "SPS" acts of attempting to collect an alleged debt past the Statute of Limitations may be a violation of "MCPA". Additionally attempting to collect an amount not

due and owing, providing false information regarding defendant being a creditor, providing any representation as to another being a creditor would be a violation of §13-301(1)(ii)(3)(9).

Defendant "SPS" failed to identify itself as a debt collector in its communications with Plaintiff. Defendant also knowingly engaged in acts to deceive Plaintiff and demand payments and possession of his private personal property to which "SPS" has no interest, claim, and or right to receive.

Based upon the above named facts by Plaintiff, he is entitled to said relief defined in §13-410(a)(b). Such penalties include but not limited to $1000.00 per violation and not more than $5000 per subsequent violation. Plaintiff is also entitled to all costs, fees and expenses for the action.

**WHEREFORE** the Plaintiff "CAMERON JEFFERSON" prays for said relief and any such other relief deemed appropriate.

Dated: July 7, 2015

By: _Cameron Jh_ (signature)
CAMERON JEFFERSON

## VERIFICATION

Cameron Jefferson, being duly sworn, deposes and says;

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matter, I believe them to be true. To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous and the evidence presented in "Exhibit A" are true and correct copies of documents received or obtained.

Sworn to before me this __10__ day of July, 2015.    By: _____
                                                          CAMERON JEFFERSON

_____
Notary Public

(NOTARY SEAL)

VIVIAN C. UMEH
NOTARY PUBLIC
PRINCE GEORGE'S COUNTY
MARYLAND
MY COMMISSION EXPIRES JANUARY 12, 2019