ECKERT SEAMANS
ATTORNEYS AT LAW

Eckert Seamans Cherin & Mellott, LLC
1717 Pennsylvania Avenue, N.W.
12th Floor
Washington, D.C. 20006

TEL: 202 659 6600
FAX: 202 659 6699

Sarah Shyr
sshyr@eckertseamans.com
Direct Dial: 202-659-6686

**VIA CM/ECF FILING AND U.S. MAIL**

August 26, 2015

U.S. District Judge Paul W. Grimm
U.S. District Court for the District of Maryland
6500 Cherywood Lane
Greenbelt, MD 20770

**Re: Jefferson v. Select Portfolio Servicing Inc., Case No. PWG 15-2031
Request for a Pre-Motion Conference to File a Motion to Dismiss**

Dear Judge Grimm:

Pursuant to the Standing Case Management Order issued in this action, Defendant Select Portfolio Servicing Inc. ("SPS") respectfully requests that this Court schedule a pre-motion conference to discuss the filing of a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6). The Complaint was served on August 5, 2015, and the deadline to file a response to the Complaint is August 26, 2015.

The Complaint herein is a preemptive attack on the anticipated foreclosure of residential property located at 11509 Brigit Court, Maryland ("Property"). On October 26, 2006, Plaintiff executed an Adjustable Rate Note promising to repay Bear Sterns Residential Mortgage Corporation the sum of $546,400.00 ("Note"). The Note was secured by a deed of trust, also executed on October 26, 2006, by Plaintiff in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Bears Sterns Residential Mortgage Corporation and its successors and assigns, encumbering the Property ("Deed of Trust"). The Deed of Trust was recorded at Liber 27109 Folio 697 and is attached hereto as Exhibit 1.[1] The Note and the Deed of Trust (collectively "the Mortgage Loan") were sold, transferred and assigned to Wells Fargo Bank, National Association, as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR4, Mortgage Pass-Through Certificates, Series 2006-AR4 ("Wells Fargo, as Trustee"). An assignment of the Deed of Trust was recorded on May 13, 2015, at Liber 36981 Folio 006 ("Assignment"), and is attached hereto as Exhibit 2. Defendant is the current servicer of the Mortgage Loan and is the agent and attorney-in-fact for Wells Fargo, as Trustee with regard to the Mortgage Loan.

[1] Courts may consider public real estate records when ruling on a motion to dismiss. *See Sec'y of State For Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

ECKERT SEAMANS
ATTORNEYS AT LAW



Plaintiff, who is currently in default on the Mortgage Loan, asserts both the Mortgage Loan does not exist and, if it does, neither Wells Fargo, as Trustee nor SPS has the right to enforce the terms thereof. Plaintiff filed a two-count complaint against SPS alleging various violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), and Maryland Consumer Protection Act, Md. Commercial Law Code Ann. § 13-101 *et seq*. ("MCPA"). Although the Complaint contains numerous inconsistencies, it appears Plaintiff contends that (1) there is no mortgage, deed of trust or promissory note; and therefore (2) any assertion of ownership by Defendant or attempt by it to collect on the Mortgage Loan constitutes an illegal debt collection practice in violation of the FDCPA and MCPA. The Complaint is meritless and appears to have been filed for no other reason than to delay the filing of a foreclosure action and to allow Plaintiff to continue to reside at the Property without paying his Mortgage Loan.

Each of Plaintiff's claims are predicated upon the incorrect assertion that the Property is not encumbered by a deed of trust. Such a claim is inconsistent with the land records as well as the documents attached to the Complaint itself. As such, Plaintiff cannot establish a cause of action entitled to relief. *See McGowens v. Bank of Am.*, No. ELH-14-1101, 2015 U.S. Dist. LEXIS 30586, at *13 (D. Md. 2015) ("[T]he court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events."); *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC 10-3517, 2011 U.S. Dist. LEXIS 87495, at *18 (D. Md. Aug. 8, 2011) ("If the 'bare allegations of the complaint' conflict with exhibits or other properly considered documents, then 'the exhibits or documents prevail.'").

The Deed of Trust, a document executed by the Plaintiff and notarized, expressly states that "Borrower" Cameron Jefferson owes "Lender " $546,400.00 under a promissory note signed by Borrower and dated October 26, 2006. *See* Exhibit 1. Despite the fact that the Plaintiff mentions and even attaches the Assignment, the Complaint does not even mention the Deed of Trust or the Note it secures. However, Plaintiff does not expressly deny that he originally entered into the Mortgage Loan or that he received the $546,400.00. He appears only to contest the Assignment and the Defendant's rights thereunder as a result of the sale and assignment of the Mortgage Loan. However, the language of the Deed of Trust itself contemplates and authorizes the assignment of the Lender's rights thereunder as well as a change in Loan Servicer. *See* Exhibit 1, paragraph 20. *See also* Horvath v. Bank of New York, 641 F.3d 617, 620 (4th Cir. 2011) ("[T]he deed of trust named MERS as the beneficiary 'for Lender and Lender's successors and assigns,' establishing a consistent beneficiary and thereby further enhancing the ease with which the deed of trust could be transferred."). Accordingly, it is clear that Wells Fargo as Trustee and SPS, as its servicer, have the authority to enforce the Mortgage Loan.

To establish a claim under the FDCPA, "a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th

ECKERT SEAMANS
ATTORNEYS AT LAW



Cir. 2012). The record does not support the allegation that SPS engaged in an act or omission prohibited by the FDCPA.

First, Plaintiff argues that the notice he received from SPS "fails to contain the required language identifying itself as a 'debt collector' in compliance to [sic] the FDCPA" and that the notice was "deceptive" in having the "desired affect to cause Plaintiff to believe . . . defendant was a creditor." Compl., at 4, 5. These arguments are not supported by the very document Plaintiff references. Attached hereto as Exhibit 3 is a complete and accurate copy of the April 10, 2015 letter which is referenced in the Complaint. The first page sets forth SPS's role as the mortgage servicer and its intent to foreclose in the name of Noteholder. The third page states in bold font: "We are a debt collector." The document referenced in the Complaint clearly contradicts Plaintiff's allegations that SPS was improper or deceptive in identifying itself in connection with its debt collection activities under the FDCPA.

Plaintiff also argues there is no "evidence of any debt owed to defendant 'SPS' or this unknown entity [Wells Fargo]." Compl., at 6. In direct contradiction to Plaintiff's claims, the land records are clear that Wells Fargo, as Trustee is the current holder of the Mortgage Loan. Further, each of the Exhibits attached to the Complaint refer to Defendant as the mortgage servicer for Wells Fargo, as Trustee. As servicer and attorney-in-fact for Wells Fargo, as Trustee, SPS has the right to enforce the terms of the Mortgage Loan, including the right pursue debt collection activities. *See also,* 12 U.S.C § 26505(i)(2) and (3).

Count II alleges a violation of the MCPA. A plaintiff bringing a claim under the MCPA must allege: "(1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012). In Count II, Plaintiff makes the same allegations of violations of the MCPA – SPS's attempt to collect a debt not due and owing and provision of false information regarding defendant's status as a creditor. Compl., at 6. Moreover, he has failed to articulate any injury. For the reasons detailed above, Plaintiff's Complaint simply does not establish a prima facia claim under the MCPA.

Accordingly, Defendant SPS respectfully requests this Court to set a pre-motion hearing and consent to Defendant's filing of a Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

/s/ *Sarah Shyr*

Daniel A. Glass (#28730)
Sarah Shyr (#18296)
Eckert Seamans Cherin & Mellott, LLC
1717 Pennsylvania Ave NW, Suite 1200
Washington, D.C. 20006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Request for a Pre-Motion Conference to File a Motion to Dismiss** was filed electronically and served via U.S. mail, postage prepaid, this 26th day of August, 2015, to:

Cameron Jefferson
11509 Brigit Court
Bowie, MD 20720
*Plaintiff*

*/s/ Sarah Shyr*
Sarah Shyr