Cameron Jefferson, Consumer Plaintiff
11509 Brigit Court
Bowie, MD 20720


IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MARYLAND

| | |
|---|---|
| **CAMERON JEFFERSON**, an single man;<br><br>Plaintiff;<br><br>vs.<br><br>**SELECT PORTFOLIO SERVICING INC**;<br>A Utah corporation;<br>**BWW LAW GROUP LLC**; a Maryland<br>limited liability corporation;<br><br>Defendant(s) | CASE NO: 15-CV-2031<br><br>VERIFIED COMPLAINT FOR DAMAGES<br><br>PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES |

    **COMES NOW**, the Plaintiff "**CAMERON JEFFERSON**" (hereinafter "Plaintiff") to bring his Verified Complaint as follows. This action is brought by Plaintiff for violations of the Fair Debt Collection Practices Act, 15 USC §1692 *et, al*, Maryland Consumer Protection Act §13-301 respectively.

I.                                     **THE PARTIES**

    The Plaintiff "**CAMERON JEFFERSON**" is now and at all times relevant to this action, a resident of Maryland. Plaintiff is a consumer as that term is defined by §1692a (3) and Maryland Consumer Protection Act §13-101(2)(c)(1).

    Defendant "**SELECT PORTFOLIO SERVICING INC**" (hereinafter "SPS") is a "debt collector" as defined in 15 USC§1692a (6), attempting to collect a "debt" pursuant to §1692a (5), and a "person, merchant" as defined in Maryland Consumer Protection Act §13-101(g). Defendant also alleges to be a mortgage servicer defined in §13-316. Defendant has a principal place of business at 3815 South West Temple, Salt Lake City, UT 84115.

    Defendant "**BWW LAW GROUP LLC**" (hereinafter "BWW") is a Maryland limited liability corporation with a principal place of business located at 4003 Executive Boulevard, Suite 101, Rockville MD 20852. Defendant "BWW" is a debt collector as defined in 15 USC

§1692a (6) and Maryland Consumer Protection Act §13-101(g). At all times relevant "BWW" was and is attempting to collect an alleged debt from Plaintiff.

II. **JURISDICTION AND VENUE**

This US District Court has jurisdiction pursuant to §1692k(a). The court has concurrent jurisdiction over Plaintiff's tort state claims. Venue is proper as the defendant violations occurred in this state. This court also has subject matter jurisdiction pursuant to 28 USC§1332, as the named Plaintiff and the named Defendants are of diverse citizenship. Venue is proper in this court pursuant to 28 USC§1391(a) because Defendant's conduct business in New York. Defendants have registered agents within this judicial district, within the meaning of 28 USC §1391(a) as defined in§ 1391(c).

III. **FACTUAL HISTORY**

Defendant "SPS" over nearly the last year has been dunning Plaintiff regarding an alleged debt it claims is owed them and or an entity named Wells Fargo Bank National Association as Trustee for Structured Mortgage Assets Investments II Inc, Bear Sterns Mortgage Funding Trust 2006-AR4, Mortgage Pass through Certificates, Series 2006-AR4. ("Noteholder"). Plaintiff has no personal knowledge of any debt owed to either Defendant "SPS", neither the lengthy named entity above. Upon research and due diligence, Plaintiff was unable to locate such an entity formed and incorporated in any of the continental 50 United States.

On April 10, 2015 the Plaintiff received dunning letter(s) from defendant "SPS" regarding some alleged debt they claim is due and owing and threatening to actions to seize Plaintiff's subject property. (see, "**Exhibit A**") Plaintiff has no debt obligation with the defendants, neither any of the parties to which the "SPS" alleges some debt is owed. Plaintiff has no Mortgage, Deed or Promissory Note owing to any party, specifically the defendant "SPS".

Upon examination of the documents defendant "SPS" has provided Plaintiff, even if some alleged debt were due, the Statute of Limitations according to Maryland law is six (6) years. Defendant "SPS" claim a debt was incurred on or about October 26, 2006, which is

nine (9) years ago. Therefore the alleged debt even if *legitimate* would be far past the Statute of Limitation.

Defendant "SPS" amongst other claims allege it acquired the debt while in default, which deems the defendant a "debt collector" according to the FDCPA and Maryland Consumer Protection Act.

Plaintiff recently discovered a document styled "Corporate Assignment of Mortgage" recorded in the land records of Prince George County and against his personal private property. (see, "**Exhibit B**") The assignment recorded by and or for the benefit of "SPS" and the Assignor was a debt collector named Mortgage Electronic Registration Systems (MERS). The document is dated March 24, 2015 and bears the name of the defendant "SPS" who coincidently shares the same address as the alleged creditor Wells Fargo as some Trustee. Notwithstanding the assignment undeniably proves defendant 'SPS" acquired this claimed debt while in default, earning them their status as "debt collector, not a Creditor. (see, §1692a(4). Plaintiff asserts this document demonstrate a likely violation of the FDCPA, specifically §1692j, §1692e, and §1692f amongst others.

Accordingly, the Assignment contains deceptive language that conflicts with "SPS" prior dunning notices in terms of the amounts claimed to be due and owing, and dates of alleged default. Significantly, the bigger picture is defendant "SPS" is serving legal forms upon Plaintiff, masquerading as legal process and claiming a creditor status it does not have. (§1692j)

SPS FAILED TO ANSWER PLAINTIFF'S NOTICE OF DISPUTE

Consequently, defendant "SPS" failed to respond to Plaintiff's notice of dispute served upon them. Instead the Plaintiff received a response from defendant "BWW" on July 22, 2015. (see, "**Exhibit C**") However, defendant "BWW" is nothing more than a "debt collector" itself and thus shares no higher capacity than "SPS". In other words a response from "BWW" does not serve as a response from "SPS". "SPS" has a separate duty and obligation to respond to Plaintiff's legal and lawful notice of dispute. For these reasons "SPS" has failed to comply with the FDCPA and Maryland Consumer Protection Laws in

that it failed in its duty to respond. Plaintiff is confused and has become extremely stressed attempting to make sense of the many conflicting terms, phrases, and trivial rhetoric spelled out in the numerous dunning notices and statements documents received by "SPS". As a "consumer", a debt collector is required to communicate unambiguously and in a plain and ordinary language. The communications to an uneducated consumer must be able to be easily understood by the least sophisticated consumer such as Plaintiff. Instead, the Plaintiff is met with communications that mask the true intention, facts and identity of defendant "SPS" and the entities they purport either is owed a debt. Consequently, personal firsthand knowledge of the Plaintiff proves there could not be any debt owed to defendant "SPS", or any other party.

Each of the dunning letters received by "SPS" fails to contain the required language identifying them as "debt collectors" in compliance to the FDCPA, allowing for Plaintiff to dispute the validity of their claims. Instead the dunning letters lodges serious threats of property confiscation, money demands, claims that are unfounded, not validated, not verified, and lacks authenticity. Plaintiff has not been afforded the opportunity to dispute those claims on account of "SPS" not properly identifying itself as a debt collector. Instead defendant "SPS" misrepresenting itself as a "creditor" has intruded, trespassed and harassed Plaintiff.

## DEFENDANT "BWW" VIOLATIONS OF THE FDCPA, MCPA §13-301

On August 3, 2015, Plaintiff served a Notice of Dispute pursuant to 15 USC §1692g (1)(2) and §1692g(b) upon defendant "BWW" by FED Ex return receipt. This notice was in response to the dunning notice received by "BWW". The notice of dispute was specifically addressed to "BWW" as it is properly defined as a "debt collector" and states this much in its correspondence. These prohibitions apply to third-party *debt collectors* that attempts to collect debts from consumers. *See id.* §§1692a (3)(5)(6). As originally enacted, the Act exempted debt-collecting attorneys from its coverage, Pub. L. No. 95-109, § 803(6)(F), 91 Stat. at 875, because Congress believed "that bar associations would adequately police attorney violations." H.R. Rep. No. 99-405, at 6 (1985). That, however, "prove[d] not to be

the case," and Congress accordingly repealed the attorney exemption in 1986. *Id.*; Pub. L. No. 99-361, 100 Stat. 768 (1986). The Act thus now applies to "lawyers engaged in litigation." *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995).

As relevant here, the Act prohibits debt collectors from "using any false, deceptive, or misleading representation or means in connection with the collection of any debt."15 USC §1692e. Within that "broad category of prohibited conduct," the Act provides a non-exclusive list of "examples of specific practices that are prohibited." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 166 (3d Cir. 2007). Those specifically prohibited practices include making a "false representation or implication ... that any communication is from an attorney," 15 U.S.C. § 1692e(3), "using ... any written communication ... which creates a false impression as to its source, authorization, or approval," *id.* § 1692e(9), and using "any false representation or deceptive means to collect or attempt to collect any debt," *id.* §1692e (10). In this Court, whether a communication is misleading in violation of § 1692e should be analyzed from the perspective of the least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). This standard ensures that the Act "protects all consumers, the gullible as well as the shrewd, the trusting as well as the suspicious." *Id.* (quotations omitted). At the same time, the standard does not permit "liability for bizarre or idiosyncratic interpretations."

Under the FDCPA, an attorney who lends his name to a debt collection effort must actually be meaningfully involved in the case to avoid misleading the consumer about his role. This basic requirement—long recognized in the context of debt-collection letters—applies equally when attorney debt collectors file debt-collection lawsuits against consumers. It is well established—by this Court and other courts of appeals— that an attorney may not send debt-collection *letters* under his name unless the attorney has actually been meaningfully involved in deciding to send the letter. This is because the attorney's imprimatur conveys that an attorney, acting as an attorney, has reached a professional judgment about the consumer's case—an impression that is false if the attorney has not actually had any meaningful professional involvement. This "gets the

debtor's knees knocking" and makes him more likely to pay up.  These basic principles apply with full force when, instead of sending debt-collection letters, attorneys file debt-collection lawsuits in court.

The FDCPA broadly bars debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. (15 USC §1692e) This prohibition applies to attorney debt collectors attempting to collect alleged debts.  The dunning letter and response received by "BWW" did not specifically state it was on behalf of defendant "SPS".

"BWW" responded on August 12, 2015 by using the US mail conducting interstate commerce in its pursuit of collecting an alleged debt owed or alleged to be owed by Plaintiff. (see, BWW Response "**Exhibit D**") Based upon the facts contained in Plaintiff's notice of dispute, BWW's response violates state and federal consumer protection laws.

"BWW's response is styled a "Verification" of Debt", but fails to meet the legal definition of "verification" which should be one under oath and sworn to.  Secondly, BWW's response to Plaintiff's dispute notice in the form of an alleged "Verification" is unavailing as only a legitimate "Creditor" can provide a proper "verification" of a debt. §1692g(b) Specifically, the statute reads "a "debt collector" must "validate" an alleged debt, and must "obtain verification" from the true Creditor. Consequently, neither defendant BWW, nor defendant "SPS" are creditors as defined in §1692a (4). Therefore *verification* of an alleged *debt* would have had to been "obtained" by a source other than debt collector defendants.

Defendant "BWW' response letter asserts the alleged debt was confirmed and supported by the (hearsay) business records of debt collector "SPS". However the many defects, inaccuracies, misrepresentations and erroneous documentation. Plaintiff therefore asserts defendant "BWW" has failed to conduct a meaningful review of the alleged debt although properly served a notice of dispute.

Specifically, BWW's alleged *verification* is nothing more than deceptive, as it alleges a default of some debt that was due April 1, 2009. The Statute of Limitations ("SOL") in the State of Maryland on a Promissory Note and Written instrument is six (6) years. *See*, Md.

Courts & Judicial Procedure Code Ann, §5-101 et seq. Therefore the "SOL" expired *if* defendant "BWW" estimation is concerned on April 1, 2015. Furthermore as stated previously, this information would have been known to "BWW" had it performed a meaningful review.

Additionally, if in fact there was a Deed of Trust involved, not only would both defendants not be party to the debt, they would not have standing to self-appoint themselves arbitrarily as anything other than what they are which is a debt collector. The fact that defendant "SPS" failed to identify themselves as debt collectors, and "BWW" did identify in its paperwork as a debt collector, Plaintiff is confused. Interestingly, there is no evidence of verification and or validation of any alleged debt from the actual named Creditor whom both defendants claim is Structured Asset Mortgage Investments II Inc, Bear Sterns Mortgage Funding Trust 2006-AR4.

Notwithstanding, this strange unknown entity cannot be found to be existing in any of the fifty (50) states, and upon belief of Plaintiff is not a legally formed entity. Specifically, defendant "SPS" April 10, 2015 dunning notice states an amount of $587,937.22 among other claims. However "BWW's August 12, 2015 response to Plaintiff's dispute request claims an identical amount of $587, 937.22, although its letter was sent five (5) months later. Unfortunately, simple math and common sense would suggest that the alleged amounts due and owing should have increased in a five month period. Defendants "BWW and "SPS" collective responses all violate the FDCPA and Maryland Consumer laws as it fails to satisfy the requirements of §1692g(1)(2) and §1692g(b).

Yet another significant conflict by "BWW's erroneous two (2) threatening dunning notices is the July 22, 2015 dunning letter. (see, "**Exhibit E**") This dunning letter adverse to the August 12, 2015 notice alleges an amount due and owing of $843,706.78 as the total amount due on the alleged Note. The July demand of $843, 706.78 and the August letter alleging an amount of $587, 937.22 fails to make mathematical sense and are violations of the FDCPA, §1692g, §1692e, §1692f, and §1692j amongst other violations.

Moreover, the "BWW" response suggests that Plaintiff contact them to get up to date information and payoff figures. Plaintiff is confused as to what date the payoff begins and ends or any per diems, late fees, other charges. On another note "BWW's so called "verification" is replete with legal conclusions such as;

"A copy of the Note you executed...and as you know the original Lender was Bear Sterns Residential Mortgage Corporation..... These allegations are in fact not true as Plaintiff never received a "loan" from this entity and defendant "BWW" so called "verification" is not only hearsay but has not been verified by "BWW". Lastly, the allegation by "BWW" that the "loan" is owned by Wells Fargo Bank Association as Trustee.....is also erroneous as defendants are mere debt collectors who deals only with alleged "debts". §1692a (5)

Defendants and each of them in "BWW and "SPS" have a duty and obligation to comply with state and federal consumer laws, specifically the FDCPA and Maryland MCPA §13-316 laws. In this case both debt collectors in "BWW" and "SPS" are masquerading as creditors, proffering false, misrepresentations, amounting to deceptive acts and unfair practices against Plaintiff.

Plaintiff has received no demands from any named and alleged creditor source. Each of the communications is by debt collector defendants claiming to be acting for some anonymous Creditor who remains tucked away in the shadows. This unknown "creditor" has a duty and obligation to respond to Plaintiff. However it has failed to do so and upon belief and evidence in Plaintiff's possession, this entity doesn't exist. Plaintiff also asserts that this unknown entity could not be a "Creditor" under no stretch of the imagination. Therefore and would not be immune to liability under the FDCPA as it would be nothing more than a debt collector itself, since the alleged debt was acquired while in Default since April 2009. There is no such support in the FDCPA to allegations by Defendants that any party would be a "Creditor" since the Assignment recorded clearly demonstrates each defendant would be a "debt collector". This would include Wells Fargo as an alleged Trustee-2006 AR4 on an entity that based upon the business records of the Security and Exchange Commission (SEC) may not exist. Even it did exist, there is no proof Wells Fargo represents its interest.

## IV.                     PLAINTIFF'S CLAIM FOR DAMAGES

Accordingly, the Plaintiff claims significant harm has been caused and he has endured insurmountable stress, worry, anxiety, embarrassment, emotional, physiological, and mental distress as a result of the unknown defendants "SPS and "BWW". Plaintiff claims of damages, and harm, are a direct result of defendants "SPS and "BWW's deceptive acts. Defendants "SPS" and "BWW" had a duty and obligation to act in compliance with the consumer laws. The acts complained of were known, or should have been known by defendants "SPS" and "BWW" as each of the communications exhibited in the complaint were all drafted by defendants. Defendants acts and each of them were avoidable had they complied with the laws that govern their behavior.

The FDCPA requires a debt collector to provide certain disclosures as to its capacity. Failure to provide information to a consumer regarding its purpose of contacting a consumer may be a violation of the FDCPA and a Deceptive Act under the Maryland Consumer Protection Act. Specifically the FDCPA prohibits a debt collector to advertise for sale of any debt to coerce payment. §1692d (4). It also prohibits advancing any threats to take an action it could not take legally. §1692e (5)(6). Additionally providing false representation of the character amount, legal status of any debt may be a violation. §1692e (2)(a)(9)(10).

Under the Maryland Consumer Deceptive Practices Act ("MCPA") defendant may be deemed a servicer §13-316 and a "merchant" §13-301(3). Defendant is attempting to collect a debt considered consumer goods defined in §13-101(2)(d). §13-303(4) The "MCPA" prohibits unfair and deceptive acts in violation of §13-301. The act prohibits certain deceptive acts demonstrated in the Complaint. Plaintiff has therefore filed this action in compliance with §13-408 which allows damages pursuant to §13-410(a)(b). The above named facts by Plaintiff can be proven by certain documents displayed in Exhibit A". Plaintiff has provided all necessary "facts" to support his claims and has sworn to those facts under oath. Plaintiff is entitled to Trial and Discovery to investigate further the extent of defendant Select Portfolio Servicing ("SPS") deceptive acts. Plaintiff relied upon

defendants conflicting documentation which caused delay, confusion and may have prevented Plaintiff from discerning the sufficiency of their claims

V. **FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, FDCPA**
("SPS and "BWW")

Paragraphs are re-alleged as though fully set out herein.

All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

As previously pled the Plaintiff is a "consumer" defined in §1692a(3) the FDCPA, defendant is "debt collector" defined in §1692a(6) and attempting to collect a debt as defined in §1692a(5). Defendant is not a creditor defined is §1692a(4).

Defendant served upon Plaintiff several dunning notices demanding payments and other performances of Plaintiff. "SPS" communications were in violation of the FDCPA. Specifically, "SPS" notices were deceptive forms in that they were proffered to Plaintiff with the desired affect to cause Plaintiff to believe they were defendant was a creditor and or acting in and for a creditor. §1692(j) Defendant also may have violated §1692(f) attempting to collect an alleged debt and amounts not due them. §1692(1)

Defendant also threatened to seize Plaintiff's real property through an action only appropriate for certain creditors to which defendant is not. §1692(f)(6)(A)(B)(6).

Consequently, a debt collector is prohibited from deceiving any consumer while attempting to collect any alleged debt whether legitimate or not. Therefore it matters not if a debt collector is collecting a valid debt or not as the debt collectors behavior and conduct may cause violations of the FDCPA. Defendant "SPS" dunning notices alleges Plaintiff is indebted to an entity named Wells Fargo Bank National Association as Trustee for Structured Mortgage Assets Investments II Inc, Bear Sterns Mortgage Funding Trust 2006-AR4, Mortgage Pass through Certificates, Series 2006-AR4. Attempting to collect an amount not due and owing is also a violation of the FDCPA.

Plaintiff has never engaged in any transaction, service, or contracted with this entity for products and or merchandise. Plaintiff could find no such entity by this name filed

recorded and or formed as a legal entity in any of the 50 United States. Plaintiff has been provided no proof and or evidence of any debt owed to defendant "SPS", "BWW" or this unknown entity Wells Fargo Bank as Trustee……..2006-AR4.

Regardless of its existence at best its capacity could not exceed that of defendant "SPS" who is a debt collector. Such deceptive information may be a violation of §1692e (2)(4)(5)(6). Defendant is unable to harass a consumer Plaintiff according to §1692d (4). The FDCPA also prohibits collection of a debt past the Statute of Limitations. Plaintiff upon information and belief has no obligation of any debt to defendant, if by chance some alleged debt be valid, the amounts, character, and or status of any alleged debt would be overstated.

Due to the acts of defendant "SPS" and complained of within the four corners of this suit. Defendant is liable to Plaintiff and which entitles him to actual, punitive, and consequential damages, plus all costs and fees as afforded in §1692k.

**VI.      SECOND CAUSE OF ACTION**
**VIOLATION OF MARYLAND CONSUMER PROTECTION ACT TITLE 13, SECTION §13-301 et, al              ("SPS & BWW")**

Paragraphs are re-alleged as though fully set out herein.

All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

Plaintiff is a "consumer" defined in the "MCPA" §13-101(2)(c)(1), Defendants "SPS" and "BWW" is a "person and merchant" as defined in §13-101(2)(f) attempting to collect a consumer debt pursuant to §13-301(2)(c)(d). A private right of action exists for Plaintiff to bring this action pursuant to §13-408.

Defendants "SPS and "BWW's deceptive acts of attempting to collect an alleged debt past the Statute of Limitations may be a violation of "MCPA". Additionally attempting to collect an amount not due and owing, providing false information regarding defendant being a creditor, providing any representation as to another being a creditor would be a violation of §13-301(1)(ii)(3)(9). Defendant "SPS" and "BWW's failed to identify itself as a debt collector in its communications with Plaintiff. Defendant also knowingly engaged in acts to

deceive Plaintiff and demand payments and possession of his private personal property to which "SPS" has no interest, claim, and or right to receive.

Based upon the above named facts by Plaintiff, he is entitled to said relief defined in §13-410(a)(b). Such penalties include but not limited to $1000.00 per violation and not more than $5000 per subsequent violation. Plaintiff is also entitled to all costs, fees and expenses for the action.

**WHEREFORE,** the Plaintiff "CAMERON JEFFERSON" prays for said relief described inclusive of any and all costs, losses, fees, expenses, and any such other relief deemed appropriate by the Court.

Dated: August 27, 2015            *Cameron Jeff*

**VERIFICATION**

Cameron Jefferson, being duly sworn, deposes and says;

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matter, I believe them to be true. To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous and the evidence presented in "Exhibit A" are true and correct copies of documents received or obtained.

Sworn to before me this _____ day of July, 2015.      By: _____
                                                          CAMERON JEFFERSON

_____
    Notary Public

(NOTARY SEAL)