FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 SEP -1 PM 3:59
CLERK'S OFFICE
AT GREENBELT
BY BU DEPUTY

Cameron Jefferson, Consumer Plaintiff
11509 Brigit Court
Bowie, MD 20720

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE STATE OF MARYLAND**

| | |
|---|---|
| **CAMERON JEFFERSON**, an single man;<br>Plaintiff;<br><br>vs.<br>**SELECT PORTFOLIO SERVICING INC**;<br>A Utah corporation;<br>**BWW LAW GROUP LLC**; a Maryland limited liability corporation;<br>Defendant(s) | CASE NO: 15-CV-2031<br>Judge Paul W. Grimm<br><br>PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT SPS PRE-MOTION TO DISMISS |

**COMES NOW**, the Plaintiff to file his Reply in Opposition to defendant's Pre-Motion to Dismiss. For reasons set forth below the motion should be denied in its entirety.

First in addressing the pre-motion filed by defendant "SPS" there are multiple confessions worth noting which contradict defendant's very foundation for requesting a dismissal. The Plaintiff well focus on several of these contradictions by defendant which supports the fact that "SPS" is in agreement with Plaintiff on his claims.

Specifically, defendant alleges the Plaintiff's case "*is a preemptive attack on an anticipated foreclosure*."(sic) This confession alone by defendant demonstrates the sufficiency and factual nature of Plaintiff's complaint. By defendant admitting it planned and even threatened to perform an illegal act of "foreclosure" when they are nothing more than "debt collectors". Defendants claim that Plaintiff is advancing a "preemptive attack" against an illegal foreclosure by a mere third party debt collector who in unable to act as a creditor, is a plausible claim upon which relief can and should be granted. Defendants are "not" creditors and thus enjoy no benefits, power and authority of a legitimate creditor to which "SPS" is not.

Therefore any reasonable minded least sophisticated, uneducated, unsophisticated consumer would be conflicted as to how a self-proclaimed creditor who is actually a confessed debt collector can enjoy two opposing capacities as creditor and debt collector.

Defendant goes on to confuse the issue by claiming some allege loan, Deed of Trust, Note and other unproven hearsay instruments represent their ability to masquerade as Creditors. Consequently, Plaintiff questions the authenticity of these documents as they have not been authenticated and properly introduced as evidence before this court. Defendants mere pleadings words, opinion and hearsay of a debt collector absent proper legal "validation and "verification" consistent with the FDCPA and MCPA is of no probative value. Moreover, "SPS" constant rhetoric regarding deeds, encumbrances, notes, and mortgages are in itself a deceptive act, misrepresentation and unfair practices all violative of the FDCPA as pled in the "verified complaint".

Simply, as Plaintiff has demonstrated by law and or documentation proffered by defendant "SPS", it is a debt collector, thus the language to be used by debt collectors are expressly written in the FDCPA, §1692a(3) through §1692a(6). In light of this fact defendants use of creditor related terms as opposed to "debt" as defined in §1692a(5) are unavailing. Additionally, it proves the defendants intended use of these conflicted terms other than those defined in the FDCPA and MCPA is only to swindle Plaintiff into thinking "SPS" is a creditor when it is not. Defendant continues on by asserting Plaintiff has made allegations that are not plausible on its face. However, defendant avoids the fact that Plaintiff's "verified complaint" is not allegations, but sworn facts, and furthermore defendants own pleadings coincide with the facts plaintiff has claimed.

Although the defendants goal is to conflate a consumer protection action by advancing pleadings consistent with a foreclosure case, such conduct should be considered a deceptive act. The Court should take judicial notice of defendant and its counsel attempting to transform "plaintiff's consumer protection action against it, into a case whereby "SPS" relies upon its own self-appointed capacity of some alleged creditor. Clearly, this is a consumer protection case by a Consumer, (§1692a (3) and a "Debt Collector

(§1692a (6), attempting to "collect" an alleged "debt" (§1692a (5). These facts are undisputed and support "SPS confession that it planned on attempting an illegal seizure, confiscation and taking of private property under the guise of "foreclosure".

Interestingly, defendant "SPS" and its counsel appear surprised and or disappointed that Plaintiff refrains from addressing their alleged Deed and Note defendant would like to believe secures their alleged unproven debt. (§1692a(5). (*see*, Id, pg.2 paragraph 3) Defendant "SPS" also appear disappointed Plaintiff refuses to focus on its hearsay documents which are the least of defendant's issues. Defendant "SPS", as other debt collectors often do, make the fatal error of focusing on the sufficiency of an alleged debt, rather than their Behavior and Conduct which is what is on trial in this case. Defendant also misconstrues plaintiff's verified complaint pleadings by stating he contests the assignment and alleged rights derived from the alleged assignment.

Plaintiff responds by pointing out the issue regarding the Assignment falls squarely within the FDCPA, §1692j, §1692e, and §1692f, as it contains multiple deceptive, misrepresentations that may be violations of the Act. The focus of plaintiff on the Assignment is to is to establish the fact that even if defendant acquired a legitimate debt, it did so long after default which proves they are mere "debt collectors", not Creditors.

Also the Assignment filed by defendant alleges the debt was sold, transferred, and assigned to Wells Fargo as Trustee for a REMIC, MBS 2006-AR4 entity on March 17, 2015. The reading of this Assignment by any least sophisticated, unsophisticated, reasonable minded person would question several aspects of the document. First, how a debt was assigned on March 17, 2015 to a debt collector, (alleged Creditor) established as a Trust on November 1, 2006 and had a cut-off of December 26, 2006. Secondly, the assignment alleges a debt collector named MERS executed the document in favor of defendant "SPS". This document creates more issues for a Consumer when the facts cannot be ascertained based on a plain reading of the notice. Rather than follow the rabbit trail of defendant debt

collector "SPS's ambiguous explanation of how it claims the alleged debt was sold, transferred, and assigned as each of those terms carry separate and distinct meanings.[1]

Defendants pre-motion also takes issue with the Consumer Plaintiff not expressly denying the alleged debt. Interestingly, the defendant accuses plaintiff of contradictions, it is actually defendant who contradicts it continuously. In its opening paragraph defendant "expressly" pleads the following;

"Plaintiff contends that (1) there is no mortgage, deed of trust or promissory note; and therefore (2) any assertion of ownership by Defendant or attempt by it to collect on the Mortgage Loan constitutes an illegal debt collection practice in violation of the FDCPA and MCPA."

Defendants pleadings clearly contradicts and collides with their statements which demonstrates Plaintiff specific denial of the "SPS's debt claims. A second issue for Defendant "SPS" is that in its pre-motion it claims Plaintiff owes $546,400.00, however other dunning notices for one the July 22, 2015 collection notice and attempts to collect and demand an amount of $843,706.78. (§1692e, §1692f, §1692g) (*see*, "Exhibit A") Additionally other dunning notices from now newly added by amendment, defendant "BWW" further demonstrates additional conflicts in defendant "SPS's conflated claims.

The courts have ruled consistently that if a debt collector is trying to collect the past due portion of an unaccelerated alleged debt, the amount the debt is the past due portion, not the whole debt". *see, Castro v. Greentree Servicing, 10cv-7211, 2013 WL 4105196, (S.D.N.Y, August 14, 2013); Adlam v. SMS Inc, 09 Civ.9129, 2010 WL1328958 (S.D.N.Y. April 5, 2010).* However the nature of the number has to be clearly described. Obfuscatory statements about the amount due has been found to violate the §1692g (a)(1). Conflicting dunning letters such as those proffered by defendant(s) stating an alleged balance but inviting the consumer to call to obtain the most "current balance" creates doubt as to whether the balance stated is increasing, and does violates the FDCPA unless a reasonable explanation is provided. Note that even after a debt has been accelerated, non-FDCPA law or a legitimate contract may require furnishing a reinstatement amount in addition to the

---

[1] Defendants use of a deceptive Assignment is a violation of §1692e (13) masquerading as a document used for legal purposes.

accelerated amount. Therefore defendants dunning notices are nothing short of confusing and mathematically impossible.

Plaintiff in relying upon the duality of not only defendants pleading before this court, but as well their dunning letters, is rife with confusion as to who there are, what amount is alleged to be owed, and other misrepresentations. Under either the "least sophisticated" or "unsophisticated" consumer standard, a collection communication which can plausibly be read in two or more ways, at least one of which is misleading, violates the law. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996). *Accord Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3rd Cir. 2000); *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3rd Cir. 2008) (violation if communication "can be reasonably read to have two or more different meanings, one of which is inaccurate")

These demand notices are not mathematically sound and therefore violates Plaintiff's §1692g (1)(2) demands for a sum certain amount alleged to be owed. Furthermore, the FDCPA, MCPA has no such requirement for a Plaintiff to expressly deny an alleged debt asserted by a debt collector other than disputing its claims. Plaintiff has lodge a proper, timely and legitimate notice of dispute upon "SPS" and it has failed to respond.

Defendant "SPS" boldly claims proof of their debt is located in the land records which prove they have a legitimate debt. This argument fails on its face as land records as proof of an alleged debt is not supported in the FDCPA and MCPA respectively. In fact the land records and the documents recorded by defendant "SPS" clearly prove its multiple violations of the FDCPA and MCPA.

Defendant's entire pre-motion uses deceptive terms not consistent with its true identity as a debt collector such as "mortgage servicer" and "holder" which denotes some creditor status. Defendant is not a mortgage servicer as there is no mortgage before this Court and properly defined in the FDCPA and MCPA. Simply put, those terms are used for want of creditor status which "SPS" is not entitled to self-proclaim when the facts demonstrate otherwise.

"SPS" confident use of unrelated debt collector terms is not be mistake and is clearly meant to confuse the consumer plaintiff. Confusing as well is "SPS" bold erroneous claims that "it has the right to enforce the terms of the Mortgage Loan, including the right to pursue debt collection activities" Defendant should be aware that debt collectors litigation pleadings can be used against it as evidence of violations of the FDCPA. Wherefore, defendants conflicting statements that are knowingly false constitute continuing violations of the FDCPA. Consequently, the majority of "SPS's arguments are pleadings commonly used in foreclosure litigation, therefore offers no legitimate defense to plaintiff's verified claims against it in a consumer protection case.

Although defendant claims its dunning notice informs Plaintiff that is a debt collector, the very scant one liner "We are a debt collector" does not fulfill the required language mandated by the FDCPA, §1692e(11) which requires;

"The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector."

Accordingly, defendants erroneous claim that the proper disclosure is made on page three (3) of Exhibit 3 is unavailing and yet another deceptive misrepresentation by defendant "SPS". Attempting to conceal and bury their actual identity as "debt collectors" between their creditor rhetoric and demands was an intentional act of deception. "SPS" designed and drafted this dunning letter to lessen and or minimize its capacity as a debt collector. Consequently, such an act of omission by not providing the mandated express language in §1692e (11) confused Plaintiff into thinking defendant was a creditor, and or be confused as to how "SPS" could be both a creditor and debt collector contemporaneously.

Defendants threat to conduct an *illegal* foreclosure was clear violations of §1692e (5)(6) and §1692f(1)(1) and §1692f(6)(a)(b)(c). That nonpayment may result in arrest or seizure of any property, unless such action is lawful and the collector intends to do the same, threatening to take any actions that cannot legally be taken. In re Belile, 209 B.R.

658 (Bkrptcy. ED, PA .1997) (threatening to take imminent action, where no one in the creditor's legal department was admitted to practice in the debtor's jurisdiction was a violation of the act) communicating false credit information, including the omission of any dispute by the consumer; communicating false credit information, including the omission of any dispute by the consumer; using deceptive means to obtain information about the debtor, failing to disclose to the debtor that the collector is attempting to collect a debt and that any information obtained may be used for such purpose.

Plaintiff's claims regarding the MCPA is sound as violation of the federal statute may be considered a *per se* violation of the state Act. Consider also § 1692i. This section requires a debt collector bringing a legal action against a consumer "to enforce an interest in real property securing the consumer's obligation"—e.g., a mortgage foreclosure action—to file in the judicial district where the property is located. 15 U.S.C. §1692i (a)(1). Although the provision itself does not speak in terms of debt collection, it applies only to "debt collectors" as defined in the first sentence of the definition, id. §1692a (6). This portion does speak in terms of debt collection. This suggests that filing any type of mortgage foreclosure action, even one not seeking a money judgment on the unpaid debt, is debt collection under the Act. See, *United States v. National Financial Servs.*, 820 F. Supp. 228, 232 (D.Md. 1993), aff'd, 98 F.3d 131, 135 (4th Cir. 1996).

## CONCLUSION

Defendant "SPS's very scant and boilerplate pre-motion to dismiss, falls far short of its claims that Plaintiff sworn complaint be dismissed under Fed R. Procedure §12b(6). Furthermore there is no support for a Court to dismiss a "verified complaint" when the defendants response is nothing more than hearsay. Defendant will be required to file a verified answer whereby they can swear under oath to certain facts and evidence that should rebut and or refute plaintiff's sworn facts and evidence.

Thus far, the defendant admits it is a "debt collector" subject to governance under the FDCPA and MCPA collectively. Defendants own proffered documentation and exhibits

coupled with plaintiff's evidence "proves" without a doubt that "SPS" violated multiple sections of the FDCPA and MCPA.

Observantly, the Court should, as Plaintiff should also, take notice of "SPS's clear avoidance of using proper terms and definitions consistent with the FDCPA and MCPA. Instead the use of creditor terms outside the four corners of the FDCPA and MCPA when defendant is nothing more than a debt collector is prohibited. "SPS" and its counsel's primary goal in using language outside the jurisdictional terms employed by this Court under consumer protection, the FDCPA and MCPA, is to confuse the issue. By defendant confusing the language, otherwise replacing the improper language reserved for a legitimate creditor, "SPS's use of deceptive language and pleadings should be sanctioned.

It remains clear the defendant is unable to form a sufficient defense against Plaintiff's sworn and verified complaint unless it convolutes its defense by claiming an identity it is not entitled to, such as Creditor. Defendant's pre-motion application to the Court focuses on an alleged debt known only by "SPS", and even then its claims are so contradicting in actual facts as who is owed, the amount alleged to be due and owing, to the true status of defendant "SPS".

WHEREFORE, the Plaintiff is entitled to Discovery and Trial to determine the factual nature of his claims as there exist to some agree a material issue of fact that cannot be disposed of in a blanket motion to dismiss based on hearsay. For these reasons and more the pre-motion is inappropriate, insufficient and should be denied in its entirety.

Dated: August 30, 2015

By: Cameron ________________________
CAMERON JEFFERSON, Plaintiff