FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 OCT -6 PM 3:58
CLERK'S OFFICE
AT GREENBELT
BY BU DEPUTY

Cameron Jefferson, Consumer Plaintiff
11509 Brigit Court
Bowie, MD 20720

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE STATE OF MARYLAND**

| | |
|---|---|
| **CAMERON JEFFERSON**, an single man;<br>Plaintiff;<br>vs.<br>**SELECT PORTFOLIO SERVICING INC**; A Utah corporation;<br>**BWW LAW GROUP LLC**; a Maryland limited liability corporation;<br>Defendant(s) | CASE NO: 15-CV-2031<br>Judge Paul W. Grimm<br><br>PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT SPS MOTION TO DISMISS |

**COMES NOW**, the Plaintiff who files his Reply in Opposition to Defendants SPS's Motion to Dismiss. For obvious reasons the defendants motion fails to address any facts germane to the subject matter before this court. The motion by defendant SPS is in many respects unintelligible, confusing, replete with contradictions and submerged in complex, ambiguous, vague rhetoric which renders Plaintiff the inability to adequately respond. For this reason alone, as well as others, the motion to dismiss by SPS fails to comply with the courts pleading standards, and therefore should be denied in its entirety.

Dated: October 5, 2015

By: Cameron Jr
CAMERON JEFFERSON, Plaintiff

**MEMORANDUM IN SUPPORT OF OPPOSITION**

First, the Plaintiff specifically denies defendant SPS's Factual Background hearsay allegations. SPS is unable to offer any facts without testimony, a competent fact witness and properly sworn to under oath, such as Plaintiff's Verified Complaint. It should be noted that SPS's use of the terms Note, Deed of Trust, Mortgagee, Mortgagor and other terms and phrases are not within the language of the FDCPA and MDCPA respectively. SPS's deceptive use of these terms while defending a consumer protection case is knowingly deceptive. Such language is prohibited by the FDCPA and only meant to confuse the consumer Plaintiff into believing it is a creditor when in fact it is not. The only required language authorized for use of SPS, are the terms <u>debt</u> and <u>debt collector</u> as defined in §1692a(5), §1692(6). Use of any other language is a violation of §1692e.

The Court should take notice that a debt collector, which includes an attorney attempting to collect a debt both of whom are defined within 15 USC §1692a (6). The court is aware that deceptive pleadings in litigation are subject to scrutiny under the FDCPA. Defendant's motion before this court contains pleadings, defenses, claims, legal jargon that deals specifically with a legitimate creditor exercising its legal availability to foreclose on a mortgagor. Defendants entire pleading in fact rests upon this very theory which has very little to do with this case. While defendants may "believe" it has the authority to exercise some self-serving, but unproven capacity as a bank servicer and Creditor, these claims mere hearsay. Defendant's may want to advance the idea that they are enforcing some act on behalf of some unknown, undefined Creditor, no evidence, testimony and or facts have been proffered to support this hearsay. Plaintiff therefore must avoid any hearsay claims of defendant as these very unproven claims by defendants are the basis of this suit.

In light of these facts, defendant's entire motion fails to deny and or rebut the factual, verified and sworn Complaint of Plaintiff is addition to its evidentiary and documentary attachments. Although defendant SPS has appointed itself some imaginary capacity as a creditor and or acting in and for some Creditor, the fact of the matter is none of these claims are true. However, it should be noted that even if the assumed creditor status was

legitimate, it would allow SPS escape for it deceptive and unfair practices, behavior and conduct. Accordingly, SPS claims of being some *creditor* and or agent of this unknown alleged Creditor must be established accordingly, and in compliance with the FDCPA.

Specifically, the FDCPA sets forth the proper procedures for a "debt collector" to establish any interest in real property. Thus the FDCPA, §1692(i) states the following;

(a) Venue. Any debt collector who brings any legal action on a debt against any consumer shall—

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

(b) Authorization of actions

Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.

Here, for the least sophisticated , unsophisticated consumer Plaintiff, he reasonably expected if SPS claims were legitimate as demonstrated in the documentary attachments to the verified complaint, such case would have been brought in compliance with §1692i. This would mean SPS would be prohibited to exercising any authority as a self-appointed creditor, rather the laws that regulate it as a debt collector under the FDCPA. In light of these facts, no court of competent jurisdiction has adjudicated the issue of whether SPS has any interest in Plaintiff's private real property and or whether it even has such a claim. Therefore the defendant's hearsay claims of some alleged "creditor" status has no merit.

Nonetheless SPS claims to be that of a creditor and or acting in and for one is on its face a deceptive, erroneous statement and thus violative behavior and conduct forbidden by the FDCPA. After having fished through defendants foreclosure pleadings in this consumer protection case against it, Plaintiff was only able to find a very few statements relative to this case.

DEFENDANT IS NOT A CREDITOR

The Plaintiff will not be lured into irrelevant and off topic arguments by defendant SPS that is outside the jurisdiction language, and subject matter of this Court and case. Defendant SPS of course desires to make this case into a foreclosure case, however the very use of creditor type language, laws and complex legal jargon unrelated to its duties and obligations as a "debt collector" violates the FDCPA on several basis.

Many of the defective and colliding claims defendant SPS advances are in conflict with their own admission and confession that it is a *debt collector* subject to governance under the FDCPA. This much was disclosed within the multi layered unrelated motion. Therefore it would be confusing to any reasonable minded consumer Plaintiff that a debt collector could not serve a dual capacity as both debt collector and creditor contemporaneously. There was never any doubt based upon the evidence of Plaintiff presented which SPS has asserted *at times* that it is a debt collector. Since that is an agreeable fact, it is unknown how SPS defends its deceptive debt collection actions under the FDCPA with a foreclosure type defense. None of SPS's motion before this court addressed the facts and evidence contained in Plaintiff's verified Complaint.

Defendant SPS hearsay claims and argument that Wells Fargo Bank as Trustee........is some alleged Creditor also fails miserably. The reason is the Assignment which SPS claims morphed Wells Fargo into a creditor was executed while defendant alleges the debt was in default. The presumed assignment by which SPS relies upon for its claim of Wells being a Creditor thereby making SPS a bank servicer is creative, but fraudulent.

First, a mortgagee would be fully aware that a self-serving "Assignment", if in fact a legitimate document, filed in a County Recorder's Office is nothing more than a "notice". (Hearsay) The document is dated March 24, 2015 more than six years after "defendant" claims the debt was in default. Moreover an assignment by a debt collector is nothing more than an admission that the debt collector may have acquired by purchase some alleged debt, or in many cases simply "data". A debt collector however, attempting to perform a function and or design, compile, and furnish any form, (document) knowing that such form

would be used to create the false belief in a consumer that a person other than the Creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. *see*, §1692j, §1692e(10), §1692e(13), §1692e(9).

Wherefore the FDCPA prohibits SPS from filing and recording this so called Assignment as a creditor and or acting in and for a Creditor when not such evidence supports their actions. Consequently, there is no evidence from Wells Fargo and no documentation served upon Plaintiff by Wells Fargo which would verify these creditor claims. As previously stated the so called Assignment and its execution date prove that Wells Fargo and SPS would be nothing more than debt collectors. Plaintiff need not address defendants reliance on unrelated foreclosure case cites regarding assignments, as none of the cases apply to a *debt collector*, which is the only status of SPS before this court.(*see*, §1692a (4))

Defendant SPS "arguments" are of very little value when up against Plaintiff's sworn undeniable facts. For example SPS claims in order for Plaintiff to "prove" defendant violated the FDCPA is; 1) Plaintiff must prove he was the object of collection activity arising from a consumer debt; 2) defendant is a debt collector as defined by the FDCPA, 3) defendant engaged in an act or omission prohibited by the FDCPA, *Boosadha v, Providence Dane LLC,* (4th Circuit 2012)

Plaintiff has no need to and desire to engage in case law tennis with the debt collector defendant, however there is no basis for a consumer Plaintiff to prove any hearsay allegation and or claim of a debt by a debt collector. The FDCPA is silent on such a requirement mandating a consumer prove any claim a debt collector alleges. Interestingly, the remaining tw[1]o claims of SPS being a debt collector are easily satisfied by SPS's own admission and confession that it is a debt collector. It is obvious just from defendants pleading before this court alone that it is engaging in an act or omission prohibited by the

---

[1] Defendant relies upon an Assignment filed in a County Recorder as if that document is authenticated and admissible as evidence. This argument fails as any party can file just about any document in a county recorders' office. Accordingly, such styled "assignments' are nothing more than a notice and hearsay.

FDCPA. Those violating acts are clearly pled in Plaintiff's verified Complaint as to its attempt to collect an alleged debt beyond the Statute of Limitations, threatening to take any non-judicial action to effect dispossession and disablement of property. *see*, §1692e(5), §1692(f). It has been established that SPS is not a Creditor. Within its pleading admitted it is a debt collector. For this reason alone, any documentation, dunning letters, demands alleging some Creditor capacity is erroneous, deceptive act and unfair practice. As a debt collector, SPS's actions, behavior and conduct must be within the four corners of the FDCPA, only. Accordingly, none of the SPS's actions were in compliance with the FDCPA. [2]

DEFENDANTS STANDARD OF REVIEW

Defendant SPS's standard of review portion of their motion supports the fact that Plaintiff has fulfilled its pleading requirement of his verified complaint. Defendant has not once denied any fact, piece of evidence attached to as its exhibits. However, certain portions of defendants' standard of review appear to have just been of a boilerplate nature. Specifically, SPS erroneously allude to some claim of 'fraud" pled by Plaintiff which is erroneous. Plaintiff then delves into unavailing case cites supporting the erroneous claim Plaintiff never advanced. Although not surprising, none of defendants case cites are in regards to the subject matter at hand, the FDCPA and MDCPA. Therefore, plaintiff has no need to address any pleadings distracting from his verified Complaint.

DEFENDANTS MERITLESS ARGUMENTS

Defendant SPS offers a buffet of unrelated arguments, most of which are marinated in its own homemade gravy of deception. Interestingly, out of all SPS arguments, none of its pleadings deny they are debt collectors subject to the FDCPA. For example, Defendant SPS argues Plaintiff claims he has no Mortgage, Deed or Promissory Note, owing to anyone including defendant SPS..... (see, Section I, A") While it is true that Plaintiff did state this verified claim, SPS stops short of explaining and or providing admissible evidence, testimony to the contrary.

---

[2] Defendant SPS merely recites Plaintiff's verified Complaint word for word without providing any meaningful defense of those verified facts. Thus SPS never denies any of Plaintiff's sworn facts.

It cannot be denied that the only alleged obligation before this court is a "debt". (*see*, §1692a(5). There is no Note and Deed before this court. Defendant goes on to state …in contradiction to Plaintiff's claim, the Mortgage Loan establishes plaintiff's loan obligation under the Debt of Trust. Plaintiff must correct SPS's willful deceptive once again. Plaintiff has never claimed to have received any Loan, Mortgage and Deed. Further confusing is SPS's use of the terms Mortgage Loan and Deed of Trust. Accordingly there is no evidence of any Loan, Mortgage, Note or Deed of Trust, rather an alleged debt, with some documentation that at this point can only be deemed "data". For this reason the Plaintiff and SPS must stick to the required use of the terms "debt", or alleged debt, until defendant provides evidence otherwise. Defendant should know that proof of an alleged Mortgage, Loan, Note or any instrumentation of commerce, consumer transaction, obtained while default, is a debt, only.

Thus, it matters very little how SPS would like to exaggerate its claims of a debt. Even if there was a legitimate Mortgage, Deed, or Note and obtained it while in default, such instrument is reduced to a mere "debt" under the FDCPA, §1692a (5). Plaintiff has made no such claims that he executed the hearsay documents SPS refers to. Instead the Plaintiff has pled, "defendant SPS alleges Plaintiff executed a consumer debt…….. Furthermore, SPS's confusing, contradicting rhetoric regarding endorsements on a debt instrument, some debt collector named MERS and other supposed entities not a party to this case is all deflecting from the real issues.

Although SPS makes claims the authenticity of certain markings such as endorsements, assignments appearing on the alleged debt instrument(s). Such actions are entirely reserved for Creditors, and Mortgagees none of which are defendant SPS. Therefore, defendants claims that it endorsed some debt instrument meant to advance the belief that the debt was being collected by a Creditor when in fact SPS is not, violates§1692j. §1692e, and §1692f. The facts SPS admits to are paramount, as the

defendant's confessionary pleadings confirm Plaintiff stated "claims" upon which relief can be granted.[3]

SPS claims that its hearsay, unproven pleadings deem them a creditor and or bank servicer is yet another bold deceptive act in litigation and a misrepresentation of known facts to it. Simply put if Wells Fargo obtained an alleged debt while in default, common sense dictates Wells Fargo would be nothing but a debt collector and any of its predecessors such as SPS would be held to the same capacity as Wells. There is not one fact to support that a debt collector who obtains a debt in default becomes a creditor at any junction. Neither would SPS become a bank service of some alleged Mortgage, Deed with any authorization to enforce any alleged debt instrument as a creditor. This type of duplicity may be common in fraudulent foreclosures, however in a consumer protection case under the FDCPA, such abusive acts are prohibited.

Defendants Claim in Section B.

Surprisingly, defendant SPS boldly claim the conflicting dunning notices sent by it does not violate the FDCPA. It is unknown where SPS derives their support for these erroneous allegations. However no such support exists in the FDCPA and MDCPA. Plaintiff pled in his verified complaint that one of the dunning notices dated April 10, 2015 contained the required language mandated by the FDCPA. (*see*, "Exhibit A", Complaint)

Cleary this dunning notice does not inform Plaintiff of the required language contained in §1692g (4)(5). Plaintiff was uninformed as to whether he could dispute the alleged debt, or any portion thereof. It is true however that SPS did include that language on the January 7, 2015 dunning letter. (*see*, "Exhibit E") SPS alleges the first page of exhibit A, sets forth its role as a mortgage servicer and its intent to foreclosure in the name of the Noteholder. The Court should take judicial notice that SPS admits it attempted, and had intentions to conduct an illegal debt collection under the guise of foreclosure which violates the FDCPA and MCPA.

---

[3] Defendant SPS claims regarding some entity named MERS is unavailing as the facts undeniably prove the alleged debt was obtained while in Default since 2009.

In this same Section B, while SPS attempts to avoid liability for its failure to provide certain disclosures under §1692g (4)(5), it points out that it in fact did provide the disclosure that it was a debt collector. This is prima facie proof that SPS knew it was nothing more than a debt collector and any duplicity in the nature of its dunning letters was and is a violation of the FDCPA and MDCPA.

Defendants Claim in Section C

Plaintiff denies SPS's erroneously claim that "plaintiff claimed a debt was incurred on October 26, 2006. Plaintiff made no such claims that any debt was incurred and or executed. Plaintiff only asserted that it was SPS who claimed a debt was executed and owed.

Statute of Limitations

Consequently, SPS has failed to convince itself even after confessing to itself that it is a debt collector subject to the FDCPA and any other applicable state laws regarding debt collectors. SPS is obviously aware of this fact and its status, but suffers from an addiction t being something that it is not, a Creditor. Plaintiff feels the reason is simple. Debt collectors are able to self-servingly assume this Creditors status, without judicial oversight. SPS instead admits it intended to file some quasi-non judicial proceeding preserved for Creditors. In this case Plaintiff would not have been able to defend SPS on the same grounds if SPS would have complied with the §1692i.

SPS now advance the "argument" that the Statute of Limitations for debt collectors does not apply to it although it admits it's a debt collector subject to the FDCPA and each of its subsections. The statute of limitations in the state of Maryland is six (6) years. SPS's duplicity never fails and therefore its unavailing claims that some extended, unending limits of its ability to collect is adverse to the FDCPA and MCDPA. Again, the Court can easily determine the conflict, stress, confusion and frustration a consumer would experience just trying to discern the logic of what seems to be a confused debt collector in SPS. Since it is clear SPS's lack of a defense to Plaintiff's statute of limitations claim is obvious. These claims should survive dismissal.

DEFENDANTS CLAIM IN SECTION D, FAILURE TO RESPOND TO DISPUTE OF DEBT

It is clear that SPS admits it did not respond to Plaintiff's Notice of Dispute. SPS admits Plaintiff served upon it a dispute notice under §1692g (1)(2) on August 3, 2015, and acknowledges its receipt.

Yet, SPS did not respond to Plaintiff as required by the FDCPA and in compliance with §1692g. Instead SPS decided to delegate its duty and obligation to comply with Plaintiff's legal and lawful request secured under the FDCPA. While it is true Plaintiff received a separate dunning letter from co-defendant "BWW" regarding "its" substantially different claims. It is not true that SPS is able to delegate its sole duty to provide information that as an alleged Creditor SPS would be in possession of. There is no such provision written in the FDCPA which allows a debt collector to past its obligation of to another debt collector in defendant "BWW". SPS must apply to all notices served upon it under the FDCPA.

It is true that "BWW" served what it calls a "Verification of Debt" which in fact verified that both "SPS and "BWW's hearsay information and documentation were not in sync. "BWW" was served with its own dispute of debt after it sent Plaintiff a dunning notice in violation of the FDCPA. Specifically, it is impossible for "BWW" a debt collector could offer any "verification" of the claims for itself, neither SPS. Based upon the significant disparities in the alleged amounts due and owing, (see, "Exhibits C, D and E") it may have been prudent for SPS to perform its own duties under the FDCPA.

"BWW" is a mere dent collector who mislead the consumer Plaintiff by providing a false, un-verified dunning notice with amounts that differed in nature to that of SPS. Accordingly, an "verification" must be "obtained" by a debt collector in order for a debt collector to provide "validation". The term and or meaning *verification* upon belief of the consumer Plaintiff means the following;

The term "verification" is defined as a declaration under oath or upon penalty of perjury that a statement or pleading is true, located at the end of a document. A typical verification reads: "I declare under penalty of perjury under the laws of the State of Maryland that I have read the above complaint and I know it is true of my own knowledge, except as to those things stated upon information and belief, and as to those I believe it to be true.

Validation is to prove that something is based on truth or fact, or is acceptable.

There is no argument which will support the fact that SPS "validated" its claims, in fact they admit they did not have duty to do so. Plaintiff has a reasonable expectation of SPS who misrepresented itself to be a creditor making threats against Plaintiff that would seize and confiscate his private real property. The manner SPS was going to obtain plaintiff's property was not an action available to a debt collector in SPS.

Equally there is no doubt that "BWW" failed to conduct a meaningful review and arrived at amounts claimed to be due and owing inconsistent with the claims of SPS. Specifically, plaintiff's exhibits C, D, and E clearly demonstrates amounts demanded of $843, 706.78, $587,937.22 and SPS's claims of $207,115.44. Each of defendants demands from "SPS and BWW" are inaccurate having been sent only months apart. It should also be stated that neither of the responses were verified by the actual alleged Creditor, but rather by "SPS and BWW" themselves. This violates the FDCPA, §1692g (b) which does not afford the ability of a debt collector to "verify its own debts". Therefore both "SPS and BWW" violated the FDCPA.

Plaintiff relied upon this deceptive information and had a right to expect "SPS", especially "BWW" to conduct a meaningful review consistent with Plaintiff's claim that no debt was owed to neither defendant and or the amounts due, and expiration of the statute of limitations. Nonetheless, even after being served multiple notices which requires an examination and meaningful review of the debt collectors claims. When reading SPS's explanations, the Plaintiff, possibly the Court cannot help becoming irritated at the many contradictions. As well SPS's lack of a defense relies solely upon "we said it so that makes its true". (facts) In fact for every one of SPS's obvious failures to comply with the law, they're response is "because we say it, that makes it so". Consequently, this misbelief embedded in SPS and its counsel mind, fails to minimally address the sworn facts they are up against.

SPS primary goal and focus is clearly trying to establish some false, undetermined claim that it is "creditor" acting in and for another alleged creditor. Nothing can be more

from the truth, facts, and the very defective, conflicting documentation, pleadings and contradictory statements.

SPS totally avoids the fact that if it was some sort of creditor, and or acting for one, its facts would match that of defendant "BWW". In one breathe SPS would like to be deemed some legal authority endowed with power over Plaintiff. But when approached, SPS quickly hands off their duties and obligations to another debt collector in "BWW" who could not have more knowledge than the supposed bank servicer. "BWW" then attempts to provide a document masquerading as some "verification" when in fact it failed to meet the legal definition of verification. This act was deceptive, misleading and executed by "BWW" on behalf of SPS for the sole purpose of manipulating Plaintiff into "believing" false information.

"BWW" used its capacity as an attorney to enhance the value and importance of its correspondence and deceptive dunning letter. The fact remains "BWW" is nothing more than a debt collector itself, and thus could not contribute any added value than that of SPS. In fact both SPS and BWW are unable to defend their actions under the FDCPA.

These acts were willful and SPS's pleadings are evidence that it desires to continue that scam upon Plaintiff by not providing factual information. Defendants, and each of them, were very successful in their deceptive acts and Plaintiff was/is harmed by their acts. The "BWW" communication to Plaintiff claiming that it represents "SPS" is who was exercising some creditor status and threatening seizure of plaintiff's property fails on every level. BWW also a debt collector has its own duty and obligation to provide disclosures pursuant to §1692g (4)(5). The first notice received by BWW was an initial communication. Instead, the initial communication from BWW on behalf of SPS, (which SPS claims was their response to Pl. Notice of Dispute) made threats and contained legal conclusions that were false.

DEFENDANTS MDCPA CLAIMS

Defendant SPS claims in order to state a claim under the MCPA a plaintiff must allege; an unfair or deceptive act, misrepresentation that is (2) relied upon, (3) causes them actual injury. There is no doubt that SPS's conflicting claims of amounts due and owing, masquerading as both a creditor and debt collector, making threats to take an illegal action

it could not legally take, attempting to collect by confessing, threatening to file an legal action against Plaintiff past the statute of limitations, amongst other claims.

SPS's deceptive rhetoric and pleadings regarding proving fraud, is nothing more than deceit, as Plaintiff never pled fraud. Fraud is not an element contained in the FDCPA. However the Plaintiff has an idea as to why SPS is concerned with "fraud" as their acts indeed rise to that level. Nonetheless, SPS and their counsel are aware there is no heightened pleading requirement by Plaintiff to prove fraud in the content of the FDCPA. Therefore SPS will not benefit from a complex pleading war with a least sophisticated, unsophisticated consumer. Plaintiff unfortunately has had enough far too much complexity thus far. Plaintiff will instead focus on the law specifically drafted for protection of consumers, the FDCPA and MCPA.

Defendant SPS's claims regarding Wells Fargo are mere hearsay as there is no proof before this Court that Wells Fargo is a party to any of the acts performed by SPS and BWW. Whether there is a Wells Fargo contribution to these issues or not, the fact remains Congress created the FDCPA for defendants such as SPS and BWW. As such they must comply at all times required as the FDCPA is a strict liability statute.

CONSUMER FINANCIAL PROTECTION BUREAU

Consumer Financial Protection Bureau ("CFPB") and Federal Trade Commission ("FTC") in multiple Amicus Briefs throughout the country and many courts, circuits. This case concerns the application of the Fair Debt Collection Practices Act (FDCPA or the Act) to debt-collection law firms that mass-file collection lawsuits without any meaningful attorney review. The Bureau and the Commission have a substantial interest in protecting the consumers. Congress established the Bureau "to protect consumers from abusive financial services practices," *see* Pub. L. No. 111-203, 124 Stat. 1376, 1376 (2010), and the Commission has long been responsible for protecting consumers from unfair and deceptive trade practices.

Congress vested the Bureau with authority to enforce the FDCPA, an authority it has exercised since the statute's enactment in 1977, *see* Pub. L. No. 95-109, § 814, 91 Stat.

874, 881-82 (1977) and over the last several decades has studied, and issued numerous reports on, the debt collection industry.

Plaintiff is under the belief that this Court is fully aware of the CFPB and FTC's authority to act based upon its delegated authority from Congress. With that said the CFPB has obtained numerous Consent Orders and Judgements against debt collectors identical to those named herein. As well, the CFPB has filed numerous Amicus Briefs across the corporate US the results of which the court has sided with the CFPB in just about all cases.

In light of these facts the Plaintiff urges the Court to rule consistent with the CFPB views and binding case law. It is believed by Plaintiff that all case law related to the CFPB regarding consumer protections statutes is considered Res Judicata.

## CONCLUSION

Plaintiff only went in depth regarding defendants debt collectors "*arguments*" for the purpose of proving them unavailing and insignificant to the undeniable facts and evidence contained in the verified complaint under oath. The FDCPA authorizes a consumer to engage in administrative procedures outside of the actual Courthouse, but nonetheless considered legally binding. This is upon belief of Plaintiff the purpose the Congress empowered a consumer with a **Private Right of Action** when acting within the FDCPA. A private right of action thus authorizes a consumer to take certain actions such as disposing with alleged debts without necessarily engaging the services of a Courthouse.

Essentially, administrative procedures are and communications are akin to legal procedures done so privately between two parties. This means certain facts, evidence and correspondence are the initial stages of a legal action although outside of the Courthouse. Thus when an action is filed by a consumer Plaintiff, it merely is a continuation of a legal private right of action. (administrative procedure) In light of this once a consumer brings a case against a debt collector, the facts and agreement of the parties has already been determined. Therefore the purpose of the suit at hand is for ratification purposes only. The facts and evidence presented under oath requires very little interpretation and Plaintiff, a consumer is well informed as to his belief and knowledge of his facts and evidence.

Congress did not enact these protections of consumer protection for a consumer to then have to engage in complex arguments with a debt collector, whether it be an attorney debt collector or otherwise. The FDCPA enables a consumer a "private right of action" which eliminates the possibility of abusive, malicious litigation. Moreover, as opposed to defendants many unrelated, unsubstantiated "arguments" versus the Plaintiff's sworn facts, violation of the FDCPA is attributed to behavior and conduct of a debt collector. It has very little to do with the validity of the alleged debt. The fact that defendant SPS "thinks" misrepresenting an alleged debt in character, amount, status and other unfair practices are deemed appropriate even for a creditor, is concerning. Even if defendant SPS were by a long shot, a Creditor (which it is not) it would still be subject to the FDCPA in some cases.

For sufficient reasons based upon verified facts, evidence and testimony by Plaintiff, none of which has been refuted, denied and or objected to by defendant. It appears defendant's general denials and hearsay does not justify a Courts dismissal.

**WHEREFORE**, the defendant SPS motion should be denied in its entirety and the case should proceed.

Dated: August 30, 2015

By: ______________________
CAMERON JEFFERSON, Plaintiff

**CERTIFICATE OF SERVICE**

I certify that a copy of the above styled pleading was served upon the following by First Class US mail;

*Attorney for Defendants SPS*
Eckert Seamans Cherin & Mellott, LLC
1717 Pennsylvania Ave NW, Suite 1200
Washington, D.C. 20006