IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

CAMERON JEFFERSON,

                Plaintiff,                Civil Action No. PWG-15-2031

v.

SELECT PORTFOLIO SERVICING INC.,
*et al.*,

                Defendants.

**REPLY IN SUPPORT OF DEFENDANT SELECT PORTFOLIO SERVICING INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Select Portfolio Servicing Inc. ("SPS"), by and through its undersigned counsel, Eckert Seamans Cherin & Mellott, LLC, hereby submits this reply in further support of its Motion to Dismiss Plaintiff's Amended Complaint and states as follows.

Plaintiff's Opposition fails to address any of the arguments raised in SPS's Motion to Dismiss but merely rehashes the allegations pled in the Amended Complaint. While the Amended Complaint alleges violations of the Federal Debt Collection Practices Act ("FDCPA") and the Maryland Consumer Protection Act ("MCPA"), the real issue before the Court is whether Defendant actually is the servicer of a first priority lien on the Property. As set forth in SPS's Motion, the land records make clear that there was a lien on the Property, and thus Plaintiff's allegations that SPS violated the FDCPA and MCPA lack any factual or legal support.[1]

Plaintiff's allegations that there is no mortgage, deed of trust, or promissory note fails to state a "plausible" claim because they are clearly contradicted by the Note referred to in the

---

[1] Plaintiff also makes arguments regarding co-Defendant BWW Law Group, LLC's ("BWW") alleged violations. Such claims are addressed in BWW' Motion to Dismiss incorporated by reference herein and filed contemporaneously with this Reply.

Amended Complaint and the Deed of Trust recorded in the land records. Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (surviving a Rule 12(b)(6) motion requires that factual allegations have "enough facts to state a claim to relief that is plausible on its face" and the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments.") (citations omitted).  Plaintiff claims that "[t]here is no Note and Deed before this court" and that the "authenticity of certain markings such as endorsements, assignments appearing on the alleged debt instrument(s)" are reserved for creditors and mortgagees.  Am. Compl. at 7.  Notably, Plaintiff fails to challenge the authenticity of any of the exhibits.  Accordingly, this Court may take judicial notice of matters of public record and consider documents attached to the motion to dismiss that are integral to the complaint, including the Note.  See Philips, 572 F.3d at 180; Ward v. Branch Banking & Trust Co., No. ELH-13-01968, 2014 U.S. Dist. LEXIS 80701, at *19-20 (D. Md. June 13, 2014) (in ruling on Rule 12(b)(6) motion to dismiss claims of, inter alia, violations of FDCPA, considering assignment of deed of trust attached to the amended complaint, and the note and deed of trust attached to defendant's motion).  The Note and Deed of Trust establish a debt owed by Plaintiff and the Deed of Trust securing the Property and Note.

  Plaintiff further attempts to attack the validity of the Assignment of the Deed of Trust by concluding that the "FDCPA prohibits SPS from filing and recording this so called Assignment . . . ."  Am. Compl. at 5.  However, such a position is neither supported by the law or the facts of this case.  In fact, the Deed of Trust expressly authorizes the assignment of the Lender's rights thereunder, and it is well-established that courts have validated MERS's role in a deed of trust as beneficiary and nominee for the Lender and the Lender's successors and assigns as well as assignments from MERS.

Finally the Plaintiff's claims that the Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR4, Mortgage Pass-Through Certificates, Series 2006-AR4 ("the Trust") is not a valid entity are simply untrue.  The Trust is a valid securitized trust registered with the Securities and Exchange Commission.  The Trust makes quarterly filings with the Securities and Exchange Commission that are public records.

Each of Plaintiff's allegations regarding the FDCPA and MCPA violations are predicated on the existence and validity of the Note and Deed of Trust and SPS's right to foreclose on behalf of Wells Fargo, as Trustee.  The record clearly contradicts Plaintiff's unfounded allegations.  Accordingly, Plaintiff fails to allege and the record simply does not support any plausible claim that SPS violated any provision of the FDCPA or MCPA.

**WHEREFORE**, for the reasons set forth in its Motion to Dismiss and the Reply herein, this Court should dismiss with prejudice Plaintiff's Amended Complaint.

Dated: October 23, 2015                    Respectfully submitted,

                                        **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

                                        By:  /s/ *Sarah Shyr*
                                        Edward J. Longosz, II (#07509)
                                        Daniel Glass (#28730)
                                        Sarah Shyr  (#18296)
                                        1717 Pennsylvania Avenue, NW, Suite 1200
                                        Washington, DC  20006
                                        Tel: (202) 659-6600
                                        Fax: (202) 659-6699
                                        elongosz@eckertseamans.com
                                        dglass@eckertseamans.com
                                        sshyr@eckertseamans.com

                                        *Attorney for Defendant,*
                                        *Select Portfolio Servicing Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing **Reply in Support of Defendant Select Portfolio Servicing Inc.'s Motion to Dismiss Plaintiff's Amended Complaint** was filed electronically and served as required by Fed. R. Civ. P. 5(a) via U.S. mail, postage prepaid, and a courtesy copy was sent via e-mail, this 23rd day of October, 2015, to:
:

        Cameron Jefferson
        11509 Brigit Court
        Bowie, MD 20720
    cameronjefferson7309@yahoo.com

        *Plaintiff*

        /s/ *Sarah Shyr*
        Sarah Shyr