IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

CAMERON JEFFERSON,

                Plaintiff,                        Civil Action No. PWG-15-2031

v.

SELECT PORTFOLIO SERVICING INC.,
*et al.*,

                Defendants.

**REPLY IN SUPPORT OF DEFENDANT BWW LAW GROUP, LLC'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, BWW Law Group, LLC ("BWW"), by and through its undersigned counsel, Eckert Seamans Cherin & Mellott, LLC, hereby submits this reply in further support of its Motion to Dismiss Plaintiff's Amended Complaint and states as follows.

Plaintiff's Opposition fails to address any of the arguments raised in BWW's Motion to Dismiss but merely makes unsupported and incorrect legal conclusions, rehashes the allegations pled in the Amended Complaint, and improperly makes new allegations that differ from those set forth in the Amended Complaint. The real issue before the Court is whether Plaintiff has stated a claim against BWW under the Federal Debt Collection Practices Act ("FDCPA") and the Maryland Consumer Protection Act ("MCPA") in its attempts to collect amounts owed under the Note.[1] As set forth in BWW's Motion, Plaintiff's allegations that BWW violated the FDCPA and MCPA lack any factual or legal support.

---

[1] As set forth in co-Defendant SPS's Motion to Dismiss and Reply brief, SPS is the servicer of a first priority lien on the Property. Accordingly, SPS has the right and authority to retain BWW to foreclose upon the Property on its behalf. To the extent that any arguments set forth in SPS's Motion and Reply are applicable to BWW, BWW hereby incorporates by reference such arguments.

1

Plaintiff's Opposition makes four arguments as to why he believes the April 10, 2015 SPS letter[2] and the July 22, 2015 BWW letter[3] contain inconsistent information and thus constitute deceptive behavior and conduct under the FDCPA. Am. Compl. at 6-7. Each of these arguments is meritless and contradicted by the plain terms of the documents attached as exhibits to the Amended Complaint and integral to Plaintiff's claims. Accordingly, BWW's Motion to Dismiss should be granted and the Amended Complaint dismissed.

First, Plaintiff argues that the Defendants violated the FDCPA because each letter he received requested a different amount be paid. Such an argument is misplaced as it is based upon a misunderstanding of the plain terms of his mortgage loan. The Note clearly states that Plaintiff received a negative amortization loan in the original principal amount of $546,400.00. App'x, Ex. 1, SPS003, Section 3(C)-(D). This type of loan granted Plaintiff the option to pay an amount less than the full monthly interest payment for that period, and have the difference added to the unpaid principal balance. Id. Pursuant to the terms of this agreement, if the Plaintiff exercised this option, the principal balance would increase. The Note expressly caps the principal balance at 115% of the original principal amount. Id. Accordingly, Plaintiff's current unpaid principal balance increased from the original principal amount of $546,400 to $587,937.22. The letters sent to Plaintiff are neither deceptive nor confusing as they clearly distinguish the "original principal amount of $546,400.00" from the current "principal obligation" and "unpaid principal balance" of $587,937.22.

Second, Plaintiff claims the April 20, 2015 SPS letter is inconsistent with the July 7, 2015 BWW letter with regard to the overall amount owed. Am. Compl. at 7. Plaintiff claims that the letters are "erroneous and unintelligible claims" simply because they seek payment of different

---

[2] See Ex. A to Am. Compl.; see also App'x to BWW and SPS Motion to Dismiss ("App'x"), Ex. 4, SPS035-039.
[3] See Ex. C to Am. Compl.; see also App'x, Ex. 5, SPS040-042.

2

amounts. Id. at 8. However, once again, Plaintiff misunderstands the plain language of the letters. The SPS letter provides both the amount of the unpaid principal balance ($587,937.22) and the amount required to be paid to reinstate the account ($207,115.44). The BWW letter is the notice of acceleration providing for "the total amount required to pay the Note in full" – $843,706.78. The BWW letter was only sent once Plaintiff failed to reinstate the account and the lender opted to exercise its rights under the acceleration clause by demanding payment of all amounts owed under the Note. See App'x, Ex. 1, SPS006, Section 7(C) and SPS007. This information is not inconsistent or otherwise deceptive and does not violate the FDCPA.

Third, Plaintiff claims that BWW"s August 12, 2015 response to his request to verify the debt violates § 1692g(a)(b) of the FDCPA because BWW "did not obtain verification from the original creditor" and the verification was not "sworn to and under oath." Am. Compl. at 11, 13. BWW's response complies with all provisions of Section 1692(g), which simply requires that upon receiving notice that the debt is disputed, the debt collector must cease collection of the debt until the debt collector obtains "verification of the debt or a copy of a judgment, or the name and address of the original creditor" and a copy of such is mailed to the consumer. As set forth in BWW's Motion, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed . . . . Consistent with the legislative history, verification is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid. There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt." Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1998) (quotation and citations omitted); see also Jackson v. Convergent Outsourcing, Inc., No. RDB-13-1755, 2014 U.S. Dist. LEXIS 23355, at *6 (D. Md. 2014). Specifically, the Fourth Circuit has found that

"verification only requires a debt collector to confirm with his client that a particular amount is actually being claimed, not to vouch for the validity of the underlying debt." <u>Chaudhry</u>, 174 F.3d at 406.

Here, BWW complied with all statutory requirements by setting forth in the verification the unpaid principal balance due under the Note for the April 1, 2009 payment and providing contact information for date payoff or reinstatement figures. In support, BWW attached a copy of the Note and provided the name of the original lender as well as the current noteholder. Moreover, the amount of the unpaid principal balance claimed in the response is the same amount as the unpaid principal balance claimed by SPS in its April 10, 2015 letter. As such, there is simply nothing to support Plaintiff's allegation that BWW did not confirm with SPS the amount of the unpaid principal balance owed under the Note.

Finally, Plaintiff makes new allegations in his Opposition that are not set forth in his Amended Complaint. <u>See e.g.</u>, Am. Compl. at 2 ("BWW initiated a communication with Plaintiff in violation of § 1692c(a), without the prior consent of the consumer Plaintiff, or by obtaining permission from a Court of competent jurisdiction."); <u>id.</u> at 10 ("Thus the inclusion by BWW of a Promissory Note [in the Verification of Debt] with the name of any party other than the current creditor, plus a sum certain amount is deceptive and confusing to the consumer Plaintiff . . ."). It is well-settled that:

> To the extent that the allegations and facts of Plaintiff's opposition differ from those in her amended complaint, the court must look to the sufficiency of her amended complaint. Plaintiff may not amend her complaint again through her opposition. It is well settled law that a Rule 12(b)(6) motion tests the sufficiency of the complaint. <u>Bey v. Shapiro Brown & Alt, LLP</u>, 997 F.Supp.2d 310, 318 (D.Md.) aff'd, 584 F. App'x 135 (4th Cir. 2014) (citing <u>Battlefield Builders, Inc. v. Swango</u>, 743 F.2d 1060, 1063 (4th Cir. 1984) (holding that plaintiff 'cannot introduce new allegations or new facts' in opposition to a motion to dismiss)).

4

<u>Pruitt v. Alba Law Grp., P.A.</u>, No. DKC 15-0458, 2015 U.S. Dist. LEXIS 111427, at *12-13 (D. Md. 2015) (dismissing pro se plaintiff's claims for failure to state a claim).  Moreover, none of Plaintiff's legal conclusions are supported by any applicable law or factual allegations.

Each of Plaintiff's allegations regarding the FDCPA and MCPA violations fail to state a claim upon which relief can be granted.  The record clearly contradicts Plaintiff's unfounded allegations.  Accordingly, Plaintiff fails to allege and the record simply does not support any plausible claim that BWW violated any provision of the FDCPA or MCPA.

**WHEREFORE**, for the reasons set forth in its Motion to Dismiss and the Reply herein, this Court should dismiss with prejudice Plaintiff's Amended Complaint.

Dated: November 19, 2015             Respectfully submitted,

                    **ECKERT SEAMANS CHERIN**
                      **& MELLOTT, LLC**

                    By:   /s/ *Sarah Shyr*
                    Edward J. Longosz, II (#07509)
                    Daniel Glass (#28730)
                    Sarah Shyr  (#18296)
                    1717 Pennsylvania Avenue, NW, Suite 1200
                    Washington, DC  20006
                    Tel: (202) 659-6600
                    Fax: (202) 659-6699
                    elongosz@eckertseamans.com
                    dglass@eckertseamans.com
                    sshyr@eckertseamans.com

                    *Attorney for Defendant,*
                    *BWW Law Group, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing **Reply in Support of Defendant BWW Law Group, LLC's Motion to Dismiss Plaintiff's Amended Complaint** was filed electronically and served as required by Fed. R. Civ. P. 5(a) via U.S. mail, postage prepaid, and a courtesy copy was sent via e-mail, this 19th day of November, 2015, to:
:

Cameron Jefferson
11509 Brigit Court
Bowie, MD 20720
cameronjefferson7309@yahoo.com

*Plaintiff*

                /s/ *Sarah Shyr*
                Sarah Shyr